2009 Ark. 632

**J.B. ROBINSON, et al., Appellants,**

v.

**Floyd G. "Buddy" VILLINES,
et al., Appellees.**

No. 09–671.

Supreme Court of Arkansas.

Dec. 17, 2009.

Rehearing Denied Jan. 21, 2010.

Hatfield & Sayre, by: Eugene G. Sayre, Little Rock, for appellants.

Thomas Carpenter, City Att'y, for appellee City of Little Rock.

Nichols & Campbell, P.A., by: H. Gregory Campbell, Little Rock, for appellees Bobby L. Roberts and Central Arkansas Library System.

Karla M. Burnett and Amanda Mankin–Mitchell, Pulaski County Attorney's Office, Little Rock, for appellees Floyd G. "Buddy" Villines, Janet Troutman Ward, Debra Buckner, Mark Stodola, and Pulaski County, Arkansas.

JIM GUNTER, Associate Justice.

⌐This case involves a complaint filed by a group of individuals paying personal and real property taxes in the City of Little Rock who were subject to an increase in library millage rates for the tax year 2007. On appeal, the taxpayer-appellants claim

that the circuit court erred in applying Ark.Code Ann. § 14–14–904(b)(3) (Supp. 2009) to the facts of this case and that the appellees failed to adhere to the clear requirements of the statute. On cross-appeal, the City of Little Rock and Pulaski County assert that the circuit court did not have subject-matter jurisdiction to hear the case and that it erred in denying their motion to dismiss on those grounds. Because this case involves the construction and interpretation of the Arkansas Constitution and the interpretation of our statutes as they pertain to an illegal exaction, our jurisdiction is pursuant to Rule 1–2(a)(1) of the Rules of the Arkansas Supreme Court.

The facts of this case were stipulated by all parties below and are not in dispute. During the summer of 2007, the Central Arkansas Library System (CALS) Board of Trustees requested a taxpayer vote to increase the millage rates for public libraries within the city limits of Little Rock. On September 18, 2007, the City of Little Rock Board of Directors enacted Ordinances No. 19,827 and No. 19,828 setting a special election for November 13, 2007. Later, on October 2, 2007, the board enacted companion ordinances No. 19,829 and No. 19,830 amending the date of the special election to December 11, 2007. Thereafter, it enacted Ordinance No. 19,854 on November 6, 2007, establishing the *ad valorem* tax rates for 2007 at 2.8 mills for operating and maintaining the city's libraries and 1.0 mill for funding the repayment of capital-improvement bonds. Pursuant to Ark.Code Ann. § 14–14–904, the Pulaski County Quorum Court enacted Ordinance No. 07–OR–84 on November 27, 2007, levying the *ad valorem* library taxes as 2.8 mills and 1.0 mill. On December 11, 2007, voters in the special election approved a library millage increase from 2.8 to 3.3 mills for maintenance and operation and from 1 mill to 2 mills for bond indebtedness. No challenge to the election results was filed within the period provided for by law.

On January 8, 2008, the city board enacted Ordinance No. 19,903 amending Ordinance No. 19,854 to reflect the millage increases as approved by the voters. Thereafter, on January 11, 2008, Pulaski County Judge Villines signed Order No. 08–010 finding that pursuant to Ark.Code Ann. § 14–14–904, he had jurisdiction to correct clerical errors, scrivener's errors, or failure of a taxing entity to report correct millage rates to the quorum court. The order set the correct library millage rate as 4.3 mills. However, three days later, an employee of the Pulaski County Treasurer's Office noticed that the millage rate on the court order was incorrect, and Judge Villines entered Order No. 08–013 on January 14, 2008, indicating that the library millage rate was 3.3 mills for maintenance and operation and the capital-improvements millage rate was 2.0 mills. Following entry of that order, Pulaski County Treasurer Debra Buckner computed the 2007 *ad valorem* library taxes imposed on all nonexempt real and personal property located within the City of Little Rock as 3.3 and 2.0 mills.

On May 14, 2008, the taxpayers filed an illegal-exaction complaint in Pulaski County Circuit Court against County Judge Floyd G. "Buddy" Villines; Tax Assessor Janet Troutman Ward; Treasurer Debra Buckner; Pulaski County, Arkansas; the City of Little Rock; Little Rock Mayor Mark Stodola; CALS; and CALS director Bobby Roberts in Pulaski County Circuit Court asserting that the millage rate increase benefitting CALS approved by voters in December 2007 was retroactively applied to *ad valorem* taxes for 2007 in violation of Ark.Code Ann. § 14–14–904(b). The taxpayers alleged that any attempt to levy and collect an increase in library taxes

imposed for the 2007 tax year constituted an illegal exaction. They requested a declaratory judgment, reimbursement, and injunctive relief.

The Pulaski County defendants filed a motion to dismiss arguing that the circuit court lacked subject-matter jurisdiction because the taxpayers failed to appeal from the county court order within the thirty-day time limit required by District Court Rule 9.[1] Prior to a hearing on February 24, 2009, the circuit court denied the motion to dismiss on jurisdictional grounds. The parties agreed to and submitted stipulated facts and documents, including the following: the taxpayers were not challenging the validity of the 2008 *ad valorem* library taxes but only the taxes for 2007 to be collected in 2008; there was no challenge to the validity of the special election held in December 2007; the taxpayers were not challenging that the taxes at issue had been used for any purpose not approved by the voters; and all parties agreed that ordinances 19,829 and 19,830 were "referred" to the voters in December 2007 and that the voters "repealed" the previous millage rates.[2]

In an order entered on February 26, 2009, the circuit court found that it had subject-matter jurisdiction pursuant to article 16, section 13 of the Arkansas Constitution (illegal exaction) and granted judgment in favor of defendants. The circuit court determined that § 14–14–904(b)(3) was discretionary not mandatory, and that regardless, the quorum court's actions were only ministerial. The circuit court found that the assessment and collection of an increased library millage for the 2007 tax year was not unconstitutional, unauthorized, or prohibited by law. The taxpayers

filed a timely notice of appeal from the judgment. The City of Little Rock and Pulaski County litigants filed notices of cross-appeal from the judgment asserting that the circuit court lacked subject-matter jurisdiction.

As a threshold matter, the county and city cross-appellants' claim that the circuit court erred in denying their motion to dismiss on jurisdictional grounds. They assert that the circuit court lacked subject-matter jurisdiction because the taxpayers did not appeal from Pulaski County Court Order 08–013 within thirty days as required by District Court Rule 9(e) (2009)—instead filing a new action in circuit court—and because the taxpayers did not state a valid claim for illegal exaction allowing their case to be brought for the first time in circuit court. In their response, the taxpayers maintain that they are not appealing the county court order, but rather they are asserting that any attempt to collect taxes based on the increased millage rate for 2007 is an illegal exaction because the city and county did not adhere to the requirements of Ark. Code Ann. § 14–14–904.

Pursuant to the Arkansas Constitution, article 7, section 33, all judgments of county courts are appealable to circuit court under such restrictions and regulations as prescribed by law. District Court Rule 9(e) provides that

a party may take an appeal from the final judgment of a county court by filing a notice of appeal with the clerk of the circuit court having jurisdiction over the matter within thirty (30) days from the date that the county court filed its order with the county clerk.

---

1. The City of Little Rock defendants incorporated and adopted the Pulaski County defendants' arguments.

2. We do not address the issue of whether the levy was repealed by referendum because the parties stipulated to that fact and do not address it on appeal.

*See also Pike Ave. Dev. Co. v. Pulaski County*, 343 Ark. 338, 37 S.W.3d 177 (2001). As the taxpayers did not timely appeal from the county court order, jurisdiction in both the circuit court and this court rests on whether they properly stated a cause of action in illegal exaction. A suit to prevent the collection of an illegal or unauthorized tax is an illegal exaction suit, and subject-matter jurisdiction is concurrently in circuit court.[3] *Hoyle v. Faucher*, 334 Ark. 529, 975 S.W.2d 843 (1998) (quoting *Foster v. Jefferson Co. Quorum Ct.*, 321 Ark. 105, 901 S.W.2d 809 (1995) (*Foster I*), *supp. op. granting reh'g*, 321 Ark. 116–A, 901 S.W.2d 809 (1995) (*Foster II*) (rehearing granted on other grounds)). Article 16, section 13 of the Arkansas Constitution grants the citizens of Arkansas standing to pursue an illegal-exaction claim. An illegal exaction is defined as any exaction that either is not authorized by law or is contrary to law. *White v. Ark. Capital Corp./Diamond State Ventures*, 365 Ark. 200, 226 S.W.3d 825 (2006). There are two types of illegal-exaction cases: "public funds" cases, where the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent and "illegal-tax" cases, where the plaintiff asserts that the tax itself is illegal. *Id.* This court has strictly adhered to the rule that, if the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie. *Hambay v. Williams*, 373 Ark. 532, 285 S.W.3d 239 (2008) (citing *Pockrus v. Bella Vista Village Prop. Owners Ass'n*, 316 Ark. 468, 872 S.W.2d 416 (1994)). A flaw in the assessment or collection procedure, no matter how serious from the taxpayer's point of view, does not make the exaction itself illegal. *Id.*

The substance of the taxpayers' claim is that neither the county judge nor the city had authority to impose the increase in millage retroactively to 2007 taxes. We have held that the definition of an illegal exaction is any exaction that is not authorized by or is contrary to law. Here, the taxpayers filed a complaint alleging that the county and city did not correctly follow the statutory levy procedures to authorize the imposition of the tax increase for 2007. The taxpayers assert that any application of the 1.5 mills increase to 2007 *ad valorem* taxes was unauthorized by law and improper. Consequently, we are satisfied that the taxpayers stated a claim for illegal exaction based on a lack of authority to levy an increase in tax and properly filed their complaint in circuit court.

We now turn to the merits of the taxpayers' illegal-exaction claim, in which they maintain that the circuit court incorrectly applied the rules of statutory construction and interpretation to Ark.Code Ann. § 14–14–904 and that the city and county failed to adhere to the requirements of the statute. The standard of review on appeal from a bench trial is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Helena–West Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 268 S.W.3d 879 (2007). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, when considering all of the evidence, is left with a definite and firm conviction that a mistake has been committed. *Id.* However, a circuit court's conclusion on a question of law is reviewed de novo and is given no deference on appeal. *Id.* Therefore, we review Judge Fox's factual find-

---

**3.** Prior to the passage of amendment 80, jurisdiction was concurrent with chancery courts. Amendment 80 merged courts of law and equity. *See Edwards v. Nelson*, 372 Ark. 300, 275 S.W.3d 158 (2008).

ings for clear error and his interpretation of the law de novo.

Amendment 30, section 1 specifically authorizes elections for *ad valorem* taxes to support public municipal libraries. Amendment 30, section 2 requires that once lowered or raised, the revised tax is to be thereafter "continually *levied and collected* as other general taxes of such city are *levied and collected*." (Emphasis added.) Section 3 of the amendment requires that any increase, reduction, or abolishment of the library tax must be submitted to the voters. That section provides that once the results of the election are certified, they are conclusive |₈unless attacked in court within thirty days. Arkansas Code Annotated section 26–73–202 (Repl.2008) provides

> The council of any municipal corporation on or before the time fixed by law for levying county taxes may make out and certify to the county clerk the rate of taxation levied by the municipal corporation on the real and personal property within the city or town. The amount so certified shall be placed upon the tax book by the county clerk of the county and collected in the same manner that state and county taxes are collected.

Arkansas Code Annotated section 14–14–904(b)(1)(A)(i) (Supp.2009) states that the "quorum court at its regular meeting in November of each year shall levy the county taxes, municipal taxes, and school taxes for the current year." The powers of the quorum court are limited. It does not have the power to challenge millage rates voted by city councils and school districts; its duty is simply to levy without change such millage rates as are voted and it may not levy millage on any basis other than the assessment of the assessor, as equalized and adjusted by the equalization board. *Layne v. Strode*, 229 Ark. 513, 317

S.W.2d 6 (1958). Furthermore, Ark.Code Ann. § 14–14–904(b)(3) states that "[i]f the levy of taxes is repealed by referendum, the county may adopt a new ordinance levying taxes within thirty (30) days after the referendum vote is certified." A county ordinance is defined in Ark.Code Ann. § 14–14–904(i) as "an enactment of compulsory law for a quorum court." In addition, Ark.Code Ann. § 14–14–904(b)(4) provides that

> [i]f a county court determines that the levy of taxes by the quorum court is incorrect due to clerical errors, scrivener's errors, or failure of a taxing entity to report the correct millage rate to the quorum court, the county court shall issue an order directing the county clerk to correct the error in order to correct the millage levy.

|₉The cardinal rule in construing tax legislation is that a tax cannot be imposed except by express words indicating that purpose, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer. *Russellville Police Pension & Ret. Bd. v. Johnson*, 365 Ark. 99, 225 S.W.3d 357 (2006); *see also Williams v. Wayne Farms, LLC*, 368 Ark. 93, 243 S.W.3d 316 (2006).

On appeal, the taxpayers ask this court to strictly interpret § 14–14–904(b)(1)(A)(i) and hold that the November 2007 levy was the only levy allowed for the year 2007. The taxpayers cite *Russellville Police Pension & Retirement Bd.* for the proposition that only the county quorum court has authority to enact an ordinance levying new taxes after a repeal by referendum. Because the quorum court did not meet and enact a new ordinance levying an increase in taxes within thirty days of the certification of the special-election results, the taxpayers claim that the millage-rate increase could not be applied until 2008 taxes were levied.

In their response brief, CALS argues that nothing in amendment 30 sets forth a procedure for the imposition of a millage increase once the quorum court has levied the tax and that nothing in the city's ordinances calling for a special election or in the language of the ballot approved by the voters stated when the increase in millage would take place. CALS contends that County Judge Villines's court order was merely entered to reflect the wishes of the voters and that no constitutional or statutory provision prevents such an act.

■ We reverse the judgment of the circuit court because County Judge Villines did not have statutory or constitutional authority to retroactively apply the millage-rate increase to 2007 library taxes after the special election. Once the City of Little Rock issued Ordinance 19,854 authorizing the *ad valorem* tax rates for 2007, the quorum court had authority pursuant to Ark.Code Ann. § 14–14–904(b)(1)(A)(i) to levy taxes for the current year—2007— in its November meeting. The levy by the quorum court is an integral and essential requirement before a tax can be collected. The levying of a tax is not identical to its collection. Amendment 30, section 2 is consistent in that it notes that once revised, a tax shall be continually "levied and collected." Arkansas Code Annotated section 14–14–904 only provides for two options for changing the 2007 tax rates that had been levied in November—(1) the quorum court could meet within thirty days of the certification of the December 11 vote and adopt a new ordinance levying the increased tax rate or (2) the county judge could issue an order correcting the millage amounts where there was a clerical error,

scrivener's error, or a failure by the taxing entity to report the correct millage to the quorum court.

■ Here, after the special election in December, the city board enacted Ordinance 19,903 revising the library millage rates to reflect the increases passed by voters. Despite this action by the board, Ordinance 19,903 did not operate to levy an increase in millage rates for 2007 taxes. The quorum court did not meet after the December election to issue a new levying ordinance, therefore, § 14–14–904(b)(3) was not satisfied. Furthermore, Judge Villines's order had to be a proper exercise of his authority pursuant to Ark.Code Ann. § 14–14–904(b)(4) for any change in the millage rates to apply to 2007. There is no evidence in this case that a clerical or scrivener's error existed. Furthermore, there was no failure to report the correct millage. The city board reported, in November 2007, what was then the correct millage to the quorum court. Although the vote of the people in December approved an increase in millage rates for library purposes, Ark.Code Ann. § 14–14–904 provides two specific processes for the correction or alteration of a previously levied tax, neither of which where followed here. Thus, the circuit court clearly erred in finding that the levy and collection of the voter-approved 1.5 mills increase for 2007 library taxes was not unconstitutional, unauthorized, or prohibited by law. The assessment and collection of the increase was not authorized by law in these circumstances because the quorum court did not act within its discretionary authority under the statute to issue a new levying ordinance.[4] Moreover, the county judge

4. Judge Fox correctly held that § 14–14–904(b)(3) is discretionary and that after a repeal by referendum, the quorum court was not required to adopt a new levying ordinance. However, the fact that the quorum court did not meet and enact a new levying ordinance means that the 2007 *ad valorem* library taxes could not be collected at the increased millage rates.

was without authority to correct the quorum court's November 2007 levy because there was no evidence of a scrivener's error, clerical error, or failure to report the correct millage rate.

We remand the case for the circuit court to ascertain a remedy consistent with our opinion. *See Weiss v. McFadden,* 356 Ark. 123, 148 S.W.3d 248 (2004).

Reversed and remanded.

IMBER, J., not participating.