2011 Ark. 431

**COMCAST OF LITTLE ROCK, INC., Appellant**

v.

**Sarah M. BRADSHAW, in her Official Capacity as the Director of the Tax Division of the Arkansas Public Service Commission; Arkansas Public Service Commission; Debra Buckner, in her Official Capacity as the County Treasurer of Pulaski County, Arkansas; Janet Troutman Ward, in her Official Capacity as the County Assessor of Pulaski County, Arkansas; Pulaski County, Arkansas; Rob McGill, acting Superintendent of the Pulaski County Special School District; Pulaski County Special School District; Gary Fletcher, Mayor, City of Jacksonville, Arkansas; and City of Jacksonville, Arkansas, Appellees.**

No. 11–277.

Supreme Court of Arkansas.

Oct. 13, 2011.

Hatfield & Sayre, by: Eugene G. Sayre and Christopher D. Brockett, Little Rock, for appellant.

Kevin M. Lemley and Dallas W. Heltz, Little Rock, for appellees Arkansas Public Service Commission and Sarah M. Bradshaw.

Karla Burnett and Amanda M. Mitchell, Little Rock, for appellees Janet Troutman Ward, Debra Buckner, and Pulaski County, Arkansas.

Bequette and Billingsley, P.A., by: Keith Billingsley and Jay Bequette, for appellees Rob McGill and Pulaski County School District.

Robert E. Bamburg, Jacksonville, for appellees Gary Fletcher and City of Jacksonville, Arkansas.

PAUL E. DANIELSON, Justice.

Appellant Comcast of Little Rock, Inc., appeals from the circuit court's order granting the motions to dismiss Comcast's amended complaint by appellees Sarah M. Bradshaw, in her official capacity as the Director of the Tax Division of the Arkansas Public Service Commission; the Arkansas Public Service Commission ("the Commission"); Debra Buckner, in her of-

ficial capacity as the County Treasurer of Pulaski County, Arkansas; Janet Troutman Ward, in her official capacity as the County Assessor of Pulaski County, Arkansas; Pulaski County, Arkansas; Rob McGill, Acting Superintendent of the Pulaski County Special School District; the Pulaski County Special School District ("PCSSD"); Gary Fletcher, Mayor, City of Jacksonville; and the City of Jacksonville, Arkansas (collectively, "the Appellees"). Comcast asserts the following points on appeal: (1) that the circuit court erred in dismissing its claim for a refund of taxes, pursuant to Arkansas Code Annotated § 26–35–901 (Supp.2009), as it constituted a separate cause of action over which the circuit court had subject-matter jurisdiction; (2) that the circuit court erred in dismissing its illegal-exaction claim, as it too constituted a separate cause of action; and (3) that res judicata did not serve to bar either cause of action. We affirm the circuit court's order.

The relevant facts are these. In 2006, Comcast, a cable-television-services provider, filed a petition for review with the Commission to review Comcast's 2006 ad valorem tax assessment.[1] In its petition, Comcast asserted that the Commission's Tax Division erroneously included the value of Comcast's intangible personal property when it calculated Comcast's ad valorem tax base. Comcast claimed that Ark.Code Ann. § 26–3–302 (Repl.1997) precluded the Tax Division from doing so; however, the Commission's administrative law judge (ALJ) disagreed and concluded that Comcast's 2006 assessment was proper. Comcast applied for rehearing, and the Commission affirmed the ALJ's disposal of Comcast's petition

for review. |₃While Comcast filed a notice of appeal from the Commission's decision, the Commission determined that the notice of appeal was untimely and directed its secretary not to lodge the record with the circuit court.

Comcast subsequently filed a petition for review of its 2007 ad valorem tax assessment with the Commission, asserting that the assessment again improperly included the value of Comcast's intangible personal property in contravention of Ark. Code Ann. § 26–3–302. Similarly, it also petitioned for review of its 2008 ad valorem tax assessment on the same basis. The two dockets were consolidated, and following consolidation, the ALJ entered its order dismissing Comcast's petitions with prejudice, finding that they were barred and precluded from consideration by res judicata in light of the Commission's decision in Comcast's challenge to its 2006 assessment. Comcast filed a notice of appeal with the Commission; however, it admittedly abandoned its appeal efforts from these administrative proceedings.

The instant appeal, though, stems from more recent events. On September 18, 2009, Comcast filed a complaint for refund of taxes in the County Court of Pulaski County. In it, Comcast asserted that it was entitled to a refund of taxes erroneously assessed against it. Specifically, Comcast sought a refund pursuant to Ark. Code Ann. § 26–35–901 and asserted a claim of illegal exaction based on article 16, § 13 of the Arkansas Constitution.

In its complaint, Comcast asserted that the Commission's Tax Division erroneously included the value of Comcast's intangible

1. Pursuant to Ark.Code Ann. § 26–24–103 (Repl.1997), the Commission "shall have the full power and authority in the administration of the tax laws of this state to have the exclusive power of original assessment of both real

and personal property used in the operating of … all … cable television, … or other similar companies, associations, or corporations, commonly known as utilities, doing business or owning property in this state."

personal property when calculating its assessments for the years 2005–08.[2] It maintained that the Tax Division's assessment determination was ⌊4in direct contravention of Ark.Code Ann. § 26–3–302, which it claimed exempted intangible personal property from ad valorem taxation. Comcast sought four forms of relief: (1) a correction of the "actual and obvious errors" in the assessment determinations and recordation of assessed values; (2) a refund of the taxes erroneously paid for 2005–08; (3) a determination that the assessments constituted illegal exactions, a refund of the illegal portions of tax, and issuance of an injunction to Pulaski County to refuse to record any similar assessments; and (4) an injunction against the Commission's Tax Division prohibiting it from violating section 26–3–302.

Appellees Buckner, Ward, and Pulaski County filed a motion to dismiss, which was joined by the PCSSD, and Fletcher and the City of Jacksonville. In the motion, they asserted that the county court lacked subject-matter jurisdiction, contending that section 26–35–901 pertained to real and personal property that had been erroneously assessed, not a challenge to the determination by the Commission of Comcast's assessed property value. The motion contended that Comcast's remedy was a petition for review to the Commission, whose decision could then be appealed to circuit court, pursuant to Ark.Code Ann. § 26–26–1610 (Supp.2009). They further maintained that Comcast's complaint failed to state a claim upon which relief could be granted, as it was the Commission's duty to assess Comcast's property, and neither the assessor nor the county court had the authority to change that

assessment. The county court agreed that it lacked jurisdiction in the matter, and it granted the motion to dismiss.

Pursuant to Arkansas District Court Rule 9, Comcast appealed the county court's order to circuit court, and it filed its complaint for refund of taxes in Pulaski County Circuit ⌊5Court, amending the complaint to include appellees Sarah Bradshaw and the Commission and asserting the four claims for relief raised to the county court.[3] It later filed a first amended complaint for refund of taxes, wherein it asserted these same claims.

On June 14, 2010, appellees Bradshaw and the Commission filed a motion to dismiss Comcast's amended complaint, asserting that the circuit court lacked subject-matter jurisdiction, res judicata, and failure to exhaust administrative remedies. They maintained that the Tax Division of the Commission had exclusive authority to assess the ad valorem property of cable companies, such as Comcast, and that pursuant to statute, Comcast had already challenged the Division's assessments by way of petitions for review, which were decided adversely to Comcast. They further asserted that res judicata precluded Comcast from now collaterally attacking the Commission's administrative decisions, and that Comcast's claims were further barred by laches, limitations, and failure to exhaust administrative remedies. Likewise, appellees Ward, Buckner, and Pulaski County filed a motion to dismiss Comcast's first amended complaint, wherein they also asserted that the circuit court lacked subject-matter jurisdiction and that Comcast's complaint failed to state facts upon which relief could be granted. Ap-

---

2. Comcast's complaint for refund named each of the instant appellees, with the exception of Sarah Bradshaw and the Commission.

3. In addition, the complaint asserted an appeal of the administrative decisions by the Commission; however, in its first amended complaint, the administrative appeal was omitted.

pellees McGill and the PCSSD moved to adopt the Commission's motion to dismiss, and appellees Fletcher and the City of Jacksonville moved to adopt the Pulaski County defendants' motion to dismiss.

Comcast responded to both motions to dismiss opposing them, and on November 1, 2010, the circuit court held a hearing on the motions to dismiss. After hearing the arguments ∣₆of counsel, the circuit court ruled orally from the bench, granting the motions to dismiss. A subsequent hearing was held to clarify the circuit court's ruling prior to issuance of the order, at which the circuit court made clear its ruling that jurisdiction of the matter lay in the Commission. In its order, the circuit court granted the motions to dismiss and dismissed all of Comcast's claims with prejudice.[4] Comcast now appeals.

 As an initial matter, we must determine the appropriate standard of review. While the circuit court granted the Appellees' motions to dismiss for lack of subject-matter jurisdiction, the circuit court's order reflected that the circuit court considered "the pleadings, motions and all exhibits thereto" and "heard the arguments of counsel." It is well settled that when a circuit court considers matters outside the pleadings, the appellate court will treat a motion to dismiss as one for summary judgment. *See Koch v. Adams*, 2010 Ark. 131, 361 S.W.3d 817. Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *See Travis Lumber Co. v. Deichman*, 2009 Ark. 299, 319 S.W.3d 239. However, in a case such as this one, which does not involve the question of whether factual issues exist but rather the application of legal rules, we simply determine whether the Appellees

were entitled to judgment as a matter of law. *See id.*

## I. *Ark.Code Ann. § 26-35-901*

For its first point on appeal, Comcast argues that the circuit court erred in dismissing its claim for refund as provided for by Ark.Code Ann. § 26-35-901, as the circuit court did ∣₇not lack subject-matter jurisdiction over such a claim. It avers that its claim under the statute was a separate cause of action not affected by its prior assessment challenges brought before the Commission and that the circuit court erred in dismissing the claim for lack of subject-matter jurisdiction.

The Appellees respond that dismissal was proper, as the Commission has exclusive jurisdiction to assess Comcast's property. They contend that the proper vehicle by which Comcast could have continued its challenge to its assessments was by way of an appeal from the Commission's decisions to the circuit court pursuant to Ark.Code Ann. § 26-24-123 (Supp.2009) and that Comcast could not evade this statutory appellate procedure by filing for a refund under section 26-35-901. It further urges that section 26-35-901 is a general provision that does not apply to those entities assessed by the Commission, as the General Assembly has established a specific procedure for challenging a Commission assessment.

 At issue is whether the circuit court lacked subject-matter jurisdiction to hear Comcast's claim for refund under Ark.Code Ann. § 26-35-901, which provides, in pertinent part:

When any person has paid taxes on any real property or personal property, erroneously assessed, as defined and de-

---

4. The circuit court's order specifically provided that it was to have no effect on Comcast's

challenge to its 2009 assessment that was still pending before the Commission.

scribed in § 26–28–111(c),[5] upon satisfactory proof being adduced to the county court of this fact, the county court shall make an order directed to the county treasurer refunding to the person the amount of tax so erroneously assessed and paid.

Comcast maintains that because the Commission erroneously assessed its intangible personal property, it was entitled to a refund under the statute. Comcast's reliance on section 26–35–901 is misplaced, however, because as a cable-services provider, its remedy for dissatisfaction with an assessment is specifically provided for in Ark.Code Ann. § 26–26–1610.

■ As already noted, Comcast is a cable-television provider; as such, the Commission has the "exclusive power of original assessment of both real and personal property used" by Comcast. Ark.Code Ann. § 26–24–103. According to the statutory scheme pertaining to assessments by the Commission, their review, and refunds, after the Tax Division of the Commission has completed "the original assessment of any property within its jurisdiction," it

shall give notice, as outlined by the statute, showing the total amount of the assessment. Ark.Code Ann. § 26–26–1610(a).

"If the owner of the property so assessed is dissatisfied with the assessment made by the division," the owner "may file with the appropriate commission a written petition for review of the assessment" within ten days from the date of the notice. Ark.Code Ann. § 26–26–1610(b)(1). "If as a result of any final judgment the company shall be entitled to a refund then the collecting official shall cause a refund, as determined by the final judgment to be made from the [Ad Valorem Tax Protest] fund." Ark.Code Ann. § 26–26–1610(d)(2)(B)(ii).

■ Here, Comcast's argument hinges on its assertion that section 26–35–901 is the vehicle by which it is entitled to a review and refund of any erroneous assessment. However, as set forth above, the General Assembly has established a specific set of procedures to be followed by those entities within the Commission's jurisdiction for assessment.[6] This court has

---

**5.** Section 26–28–111(c) (Repl.1997) sets forth the following errors:

> actual and obvious errors on the tax books and related records, with such errors being restricted to extension errors, erroneous property descriptions, classifications, or listings, and shall not be utilized to make any change in the valuation of any real or personal property as shown on the tax books and related records other than a change in valuation necessitated by the correction of actual and obvious errors.

Section 26–35–901 was amended by Act 572 of 1999, § 8, to define "erroneously assessed" by section 26–28–111(c). Prior to the General Assembly's amendment of the statute, this court had defined "erroneous assessment" as used in the statute as

> an assessment that deviates from the law and is therefore invalid, and is a defect that is jurisdictional in its nature; and does not refer to the judgment of the assessing officers in fixing the amount of the valuation of

the property. If the property paid on was exempt from taxation, or if the property was not located in the county, or if the tax was invalid, or if there was any clear excess of power granted, so as to make the assessment beyond the jurisdiction of the assessing officer or board, then the provisions of Kirby's Digest § 7180, give the owner a remedy for a refunding of such taxes thus erroneously paid. But a remedy is not given by this section to the party aggrieved by reason only of an excessive assessment or overvaluation of his property.

*Clay Cnty. v. Brown Lumber Co.,* 90 Ark. 413, 420, 119 S.W. 251, 253–54 (1909).

**6.** To the extent Comcast argues that it is not subject to the provisions of section 26–26–1610 because it is not a utility or common carrier set forth in Ark.Code Ann. § 26–26–1601 (Repl.1997), we disagree. The language of section 26–26–1610 makes clear its application to the "original assessment of *any* property within [the Commission's] jurisdic-

long held that a general statute must yield when there is a specific statute involving particular subject matter. *See Weiss v. American Honda Fin. Corp.*, 360 Ark. 208, 200 S.W.3d 381 (2004). While Comcast couches its suit as one under section 26–35–901, its allegation remains that the Commission wrongly included its intangible personal property in its ad valorem assessments for 2005–08. *See, e.g., Cornett v. Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987) (observing the well-established rule that a pleading will not be judged entirely by what it is labeled but also by what it contains). Such a claim by Comcast should have been, and was for some of the years at issue, brought before the Commission, which had exclusive authority over such assessments and challenges thereto. *See* Ark.Code Ann. §§ 26–24–103 & 26–26–1610. Accordingly, the circuit court did not err in concluding that it lacked subject-matter jurisdiction to hear Comcast's challenge to its assessment.[7]

## II. *Illegal Exaction*

For its second point on appeal, Comcast argues that the circuit court erred in dismissing its illegal-exaction claim. It contends that the claim is a separate one having nothing to do with its administrative challenges to its assessments; therefore, it urges, there was no requirement that it exhaust its administrative remedies, nor did the Commission have jurisdiction over such a claim. The Appellees counter that Comcast's illegal-exaction claim was merely an attempt to evade the Commission's jurisdiction because the claim was based on its challenge to the Commission's assessment of Comcast's intangible personal property. They further urge that Comcast's claim had no basis in the law and should have been raised before the Commission.

■■ Article 16, section 13 of the Arkansas Constitution grants Arkansas citizens standing to pursue an illegal-exaction claim. *See Robinson v. Villines*, 2009 Ark. 632, 362 S.W.3d 870. An illegal exaction is defined as any exaction that is either not authorized by law or is contrary to law. *See id.* There are two types of illegal-exaction cases: "public funds" cases, where the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent, and "illegal-tax" cases, where the plaintiff asserts that the tax itself is illegal. *See White v. Arkansas Capital Corp./Diamond State Ventures*, 365 Ark. 200, 226 S.W.3d 825 (2006).

A review of Comcast's first amended complaint reveals that the substance of Comcast's illegal-exaction claim was that the Commission illegally determined the assessed value of Comcast's personal property because it illegally included Comcast's intangible personal property, which Comcast contended was exempt. Comcast's claim and its argument on appeal, however, ignore our well-settled precedent. This court has strictly adhered to the rule that "if the taxes complained of are not themselves illegal, a suit for illegal exaction will not lie" and that "a flaw in the assessment or collection procedure, no matter how serious from the taxpayer's point of view, does not make the exaction itself illegal." *Hambay v. Williams*, 373 Ark. 532, 535, 285 S.W.3d 239, 241–42 (2008) (quoting *Pockrus v. Bella Vista Village Prop. Own-*

---

tion" and is not limited to those companies of section 26–26–1601. (Emphasis added.)

**7.** We should note that the circuit court does have jurisdiction over an appeal from the Commission's decision on an assessment challenge under Ark.Code Ann. § 26–24–123 (Supp.2009); however, Comcast failed, for whatever reason, to appeal the Commission's decisions as to its 2006–08 assessments.

**144**

*ers Ass'n,* 316 Ark. 468, 472, 872 S.W.2d 416, 418 (1994)).

The assessments at issue were made for the purpose of ad valorem taxation, and Comcast in no way disputes that ad valorem taxes are legal. Nor does Comcast challenge the Commission's exclusive power of original assessment of Comcast's real and personal property. *See* Ark.Code Ann. § 26–24–103. Instead, it contends that the inclusion of the value of its intangible personal property in the assessed value of its personal property was illegal and unconstitutional because intangible personal property falls within a statutory exemption.

 We have held that an allegation that the assessment of taxes was carried out in an unconstitutional and illegal manner does not fall within the illegal-exaction provision. *See Pledger v. Featherlite Precast Corp.,* 308 Ark. 124, 823 S.W.2d 852 (1992) (holding no illegal-exaction action where taxpayer did not contend that the use tax itself was illegal, but rather contended that the assessment of its individual tax was erroneously based on certain tangible personal property). Likewise, a suit to determine whether a taxpayer's transactions fall within a statutory exemption does not come within article 16, section 13. *See Taber v. Pledger,* 302 Ark. 484, 791 S.W.2d 361 (1990); *see also Western Foods, Inc. v. Weiss,* 338 Ark. 140, 992 S.W.2d 100 (1999). Because Comcast's claim did not challenge the validity of the underlying tax, but alleged that the assessment was carried out in an illegal fashion due to its property falling within a statutory exemption, it is clear to this court that its suit does not come within Arkansas's illegal-exaction provision. As we have already set forth above, Comcast's avenue of relief for its assessment grievance lay with the Commission. Accordingly, we affirm the circuit court's order.

### III. *Res Judicata*

For its final point on appeal, Comcast challenges the circuit court's dismissal of its claims on the basis of res judicata. Because we affirm the circuit court's order of dismissal on the basis of lack of jurisdiction, we need not address the merits of Comcast's res judicata argument.

Affirmed.