2010 Ark. 245

**Henry MORGAN, Appellant,**

v.

**Todd TURNER, Appellee.**

No. 09–557.

Supreme Court of Arkansas.

May 20, 2010.

Dunham & Faught, P.A., by: James Dunham, Russellville, for appellant.

Todd Turner, Arkadelphia, for appellee.

RONALD L. SHEFFIELD, Justice.

We assumed jurisdiction of this case pursuant to our inherent authority under Rule 1–2(g) (2009) of the Rules of the Arkansas Supreme Court. Appellant, Henry Morgan, appeals from an order entered by the Clark County Circuit Court on February 10, 2009, dismissing Morgan's complaint against Appellee, Todd Turner. Morgan now alleges several points of error. We find that the circuit court erred in dismissing Morgan's complaint, and we reverse and remand this case to the circuit court.

Given the lengthy facts and procedural history of this case, we recite only the facts relevant to this appeal. Morgan and Turner are both attorneys licensed to practice law in the State of Arkansas. In 1993, Morgan hired Turner as an employee of his sole proprietorship. Morgan maintains that the parties memorialized in writing a "Legal Services Agreement" (Agreement) on January 1, 1994. The Agreement addressed both parties' duties and responsibilities. In particular, the Agreement stated,

> Turner shall receive sixty percent (60%) of his hourly fees, after expenses, from every case billed hourly, and sixty percent (60%) from fees based on a flat rate or a contingency arrangement. Morgan shall receive the remaining for-

ty percent (40%) of all such amounts. . . .

. . . .

In the event that Turner separates from Morgan or the Office, Morgan shall be entitled to receive one-hundred percent (100%) of all legal fees recovered after the date of such separation for all clients which retain Morgan or the Office. In the event that any clients leave Morgan or the Office and continue to be represented by Turner following the effective dated [sic] of a separation, Morgan shall continue to be entitled to forty percent (40%) of all legal fees collected by Turner which are collected from clients which continue to employ him for matters which arose prior to the date of separation. Additionally, Morgan shall be entitled to one hundred percent (100%) of all fees which were expended by Morgan or the Office prior to the date of such separation.

In January 2003, Turner voluntarily ended his employment in a manner pursuant to the Agreement. At all times prior to termination, the parties adhered to the provisions of the Agreement. Turner only served as an employee of Morgan's firm.

Upon termination, Turner paid Morgan forty percent of the legal fees he received, pursuant to the Agreement. After a period of time, Turner refused to continue to pay Morgan, or to provide Morgan with information regarding Turner's obligations. The two parties exchanged a series of letters in which Morgan demanded that Turner make the obligated payments. Turner refused to provide such payments or an accounting. In 2005, Morgan learned that Turner had settled and made recoveries on several cases commenced prior to Turner's resignation.

One of those cases, a class action, *Lenders Title Co. v. Chandler*,[1] resulted in an appeal to this court. *See Morgan v. Chandler*, 367 Ark. 430, 241 S.W.3d 224 (2006). In that case, Morgan filed a notice of attorney's lien, pursuant to Ark.Code Ann. § 16–22–304 (Supp.2005), on the settlement and attorney's fees awarded in *Lenders Title Co. v. Chandler*, which was handled by Turner. Morgan asserted that the Agreement entitled him to receive forty percent of all attorney's fees collected by Turner for his services in *Lenders Title Co. v. Chandler* Turner moved to set aside the attorney's lien. The circuit court entered a letter opinion permitting the defendant in the class action to pay the agreed upon attorney's fees into the registry of the court. The next day, the circuit court entered an order setting aside Morgan's attorney's lien, finding that Morgan was not designated as an attorney for the certified class and had not performed any legal services for the benefit of any member of the class. On appeal, this court held that Morgan's claim was moot because Morgan had failed to move for a stay or post a supersedeas bond pursuant to *Butt v. Evans Law Firm, P.A.*, 351 Ark. 566, 98 S.W.3d 1 (2003), and it was indicated that the court-awarded attorney's fees had been fully paid to class counsel. However, because there was no document of record before this court that the fees had actually been paid, this court addressed the merits. This court found that there was no agreement between Morgan and the parties to the class action for legal services, which is an express prerequisite for obtaining an attorney's lien, pursuant to Ark.Code Ann. § 16–22–301 (Repl.1999). Morgan could not bring an attorney's lien based on his

---

1. This case was appealed to this court twice. *See Lenders Title Co. v. Chandler*, 358 Ark. 66, 186 S.W.3d 695 (2004) (*Lenders Title II*);

*Lenders Title Co. v. Chandler*, 353 Ark. 339, 107 S.W.3d 157 (2003) (*Lenders Title I*).

contract with another attorney, when he had not established an attorney/client relationship with any of the parties in *Lenders Title Co. v. Chandler*. Accordingly, this court upheld the circuit court's order.

In addition to filing the action in *Morgan v. Chandler*, Morgan filed the present action against Turner on December 2, 2005. His complaint made the following allegations: breach of contract; conversion; request for an accounting to determine the full extent of Turner's obligations to Morgan; and request for the imposition of a constructive trust against all fees held by Turner generated by cases initiated while Turner was employed by Morgan. In support of his complaint, Morgan attached several exhibits to his complaint, including an unsigned and undated copy of the Agreement. He also provided copies of several letters exchanged between Morgan and Turner regarding Turner's obligations to Morgan after the termination of Turner's employment.

Turner filed a motion to dismiss on December 20, 2005, claiming Morgan had failed to (1) name necessary parties, pursuant to Ark. R. Civ. P. 12(b)(7) and 19, since the complaint had referenced other parties having possession of and interest in the proceeds in which Morgan claimed to have an interest; (2) state a claim upon which relief could be granted because the Agreement upon which Morgan based his claims contained no provision for attorney's fees generated by a class action, since they are awarded by the court and not paid for by the client; (3) state a claim upon which relief could be granted because the sharing of |₅any fees after the separation in January 2003, would be in violation of Rule 1.5 of the Arkansas Rules of Professional Conduct (2005); and (4) state a claim upon which relief could be granted because, on March 15, 2005, Morgan became a Class A elected Arkansas prosecutor, under Ark. Code Ann. § 16–21–129 (Supp.2005),[2] and was prohibited from engaging in the private practice of law, under Ark.Code Ann. § 16–21–118 (Repl.1999), and, therefore, could not claim attorney's fees generated from private litigants.

Turner filed an amended motion to dismiss on February 5, 2008. This motion incorporated the grounds for dismissal of Turner's previous motion, and sought dismissal on these grounds: (1) Morgan failed to state a claim for which relief could be granted, pursuant to Ark. R. Civ. P. 12(b)(6); (2) his claims were barred by the doctrine of payment and accord and satisfaction; (3) his claims were barred by impossibility of performance; (4) his claims were barred by the applicable statute of limitations; (5) his claims were barred for failure of consideration; (6) his claims were barred by the statute of frauds; (7) his claims should be dismissed for failure to name necessary parties, pursuant to Ark. R. Civ. P. 12(b)(7) and 19; and (8) his claims were barred by res judicata; and (9) his claims were barred by issue preclusion and collateral estoppel.

On January 28, 2009, the circuit court entered a letter order dismissing Morgan's claims with prejudice. The court noted that the motion to dismiss had not been ruled upon. The court held that "virtually every point made in the Defendant's Motion to Dismiss should|₆be ruled in favor of the Defendant." The circuit court noted in particular that Turner's assertion that Morgan had not joined necessary parties was "founded in good faith" since Morgan admitted that there were claims against others in his lawsuit. The court also found that the dispute in this case was a contract

---

**2.** In 2007, Morgan's district, the Ninth Judicial District–East, reverted to a Division B Judicial District, pursuant to Act 494 of the 86th General Assembly.

dispute, and therefore was different than that in *Morgan v. Chandler*, which concerned an attorney's lien. Nevertheless, the court held that the "attorney's main question in the Chandler [sic] is moot. The attorney's lien matter in this case is also moot as the reasoning behind the Supreme Court ruling would be the same." Further, the circuit court found compelling Turner's arguments regarding issue preclusion and collateral estoppel, and it found that Morgan's position as a state prosecutor would limit his ability to receive monies from private clients. Finally, the court mentioned that some fee issues had been satisfactorily concluded when Turner paid Morgan the fees and Morgan accepted them.

On February 10, 2009, the circuit court entered an order incorporating by reference its letter opinion and dismissing Morgan's complaint with prejudice. Specifically, the court found that the complaint should be dismissed because Morgan failed to name necessary parties; his claims were barred by issue preclusion, collateral estoppel, and the doctrine of accord and satisfaction; and his claims for attorney's fees were moot. Morgan filed a notice of appeal on February 26, 2009.

## I. *Morgan's Notice of Appeal*

Prior to reaching the merits of Morgan's appeal, we must first address Turner's argument that we do not have jurisdiction to hear this appeal because Morgan's notice of appeal was not timely filed. Turner filed a motion to strike Morgan's notice of appeal on March 9, 2009, upon which the circuit court has never ruled. However, Turner continues to assert now on appeal that Morgan failed to file a timely notice of appeal, and therefore we should dismiss this appeal because we do not have jurisdiction. *See Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995).

Specifically, Turner asserts that Morgan's February 26, 2009 notice of appeal is defective because it was not served by a form of mail requiring a signed receipt, pursuant to Ark. R.App. P.-Civ. 3(f) (2009), and as the certificate of service indicated. Turner further points out that though Morgan refiled the notice of appeal with a new certificate of service, he did not do so until March 16, 2009, which is outside the requisite thirty days Morgan had to file an appeal, pursuant to Ark. R.App. P.-Civ. 4(a) (2009).

While this court has held that substantial compliance with the timely notice requirement is not sufficient, *Rossi*, 319 Ark. at 374, 892 S.W.2d at 246, Morgan's failure to serve the notice of appeal by certified mail with a return receipt is not fatal to his appeal. Turner has cited no authority that stands for the proposition that a notice of appeal is untimely if mailed improperly. What is more, Ark. R.App. P.-Civ. 3(f), upon which Turner bases his assertion that the notice was defective, states that "[f]ailure to serve the notice shall not affect the validity of the appeal." In reference to Ark. R.App. P.-Civ. 3(f), this court has held, "The wording could hardly be clearer, and we have often held that such irregularities in following the rules of appellate procedure, other than the failure to file timely notice of appeal and to lodge the record, are not fatal." *Henderson Methodist Church v. Sewer Imp. Dist. No. 142*, 294 Ark. 188, 190, 741 S.W.2d 272, 273 (1987). Turner's argument that we lack jurisdiction to hear this appeal is without merit.

## II. *The Circuit Court's Dismissal of Morgan's Complaint*

As an initial matter, we find that, though the circuit court granted Turner's motion to dismiss Morgan's complaint on Ark. R. Civ. P. 12(b)(6) grounds, the prop-

er standard of review of the circuit court's order is that of a motion for summary judgment. Rule 12(b) of the Arkansas Rules of Civil Procedure states,

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Ark. R. Civ. P. 12(b) (2009). Morgan included with his complaint several exhibits, which the circuit court did not exclude from its consideration when it dismissed Morgan's complaint with prejudice. Therefore, the circuit court considered matters outside of the pleadings, and the motion to dismiss was converted to a motion for summary judgment. *Fegans v. Norris*, 351 Ark. 200, 89 S.W.3d 919 (2002).

■ Our summary judgment standard is well-settled:

. Summary judgment should only be granted when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. The burden of sustaining a motion for summary judgment is the responsibility of the moving party. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.

*Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 245, 234 S.W.3d 838, 842 (2006) (citations omitted). When we review summary judgment on appeal,

we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties.

*Sykes v. Williams*, 373 Ark. 236, 240, 283 S.W.3d 209, 213 (2008) (citations omitted). Remaining mindful of this standard, we now review whether the trial court properly dismissed Morgan's complaint.

■ As one of the many grounds for dismissal that Morgan now appeals, the circuit court found that Morgan's claims were barred by the doctrine of accord and satisfaction because Turner had made payments to Morgan after the termination. However, Morgan points out now, as he did below, that the fact that Turner paid Morgan some fees after their separation does not thereby mean that Turner had fulfilled his obligations to Morgan.

■ The doctrine of "accord and satisfaction" is

defined as a settlement in which one party agrees to pay and the other to receive a different consideration or a sum less than the amount to which the latter considers himself entitled. The essential elements to prove accord and satisfaction are: (1) proper subject matter; (2) competent parties; (3) an assent or meeting of the minds; and (4) consideration. The key element is a meeting of the minds, such that there must be an objective indicator that the parties agreed that the payment tendered will discharge the debt. Accord and satisfaction is an affirmative defense that

must be proved by the party asserting it.

*Glover v. Woodhaven Homes, Inc.,* 346 Ark. 397, 403–04, 57 S.W.3d 211, 216 (2001) (citations omitted). Turner has provided no evidence that Morgan agreed to accept the sums of money Turner paid him in full satisfaction of Turner's obligations. The series of letters exchanged between Morgan and Turner beginning in November 2004 indicates that the two parties were in dispute over whether Turner had satisfied his obligations to Morgan. Therefore, a genuine issue of material fact remains as to whether the parties agreed that the amount Turner did tender would satisfy his obligations; the mere fact that Turner paid Morgan some money is not sufficient. *Camfield Tires, Inc. v. Moseley,* 253 Ark. 585, 487 S.W.2d 268 (1972). We hold that the circuit court erred when it dismissed Morgan's complaint on this ground.

▮ Another ground upon which the circuit court dismissed Morgan's complaint, and which Morgan now contests on appeal, was the principle of collateral estoppel, also known as issue preclusion. The circuit court found that Morgan's claims were barred because they had already been disposed of by *Morgan v. Chandler.* Collateral estoppel is one of two facets of res judicata; the other is claim preclusion. Though the circuit court seems to have only thought dismissal appropriate on the ground of collateral estoppel, in his amended motion to dismiss, Turner asserted both grounds. Accordingly, we will address both. This court has explained,

> The claim-preclusion aspect of res judicata bars relitigation of a subsequent suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve

the same claim or cause of action; and (5) both suits involve the same parties or their privies. Res judicata bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.

*Beebe v. Fountain Lake Sch. Dist.,* 365 Ark. 536, 544, 231 S.W.3d 628, 635 (2006) (citations omitted). Collateral estoppel, also known as issue preclusion,

> bars relitigation of issues of law or fact previously litigated, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that the issue was essential to the judgment. To apply collateral estoppel, the following elements must be present: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. Collateral estoppel may be asserted by a stranger to the first judgment, but the party against whom it is asserted must have been a party to the earlier action and must have had a full and fair opportunity to litigate the issue in that first proceeding.

*Craven v. Fulton Sanitation Serv., Inc.,* 361 Ark. 390, 394, 206 S.W.3d 842, 844 (2005) (citations omitted).

▮ In light of these standards, we hold that Morgan's claims cannot be barred by claim preclusion because the parties in *Morgan v. Chandler* are not the same as in this action. Also, the circuit court erred in finding that Morgan's claims

were barred by collateral estoppel. A material question of fact remains unanswered as to whether this court's holding in *Morgan v. Chandler* fully adjudicated the issues Morgan raised with respect to fees owed from *Chandler v. Lenders Title Co.* As discussed above, the issue in *Morgan v. Chandler* was whether the circuit court had properly set aside the attorney's lien filed by Morgan. Now, Morgan asserts breach-of-contract and conversion claims against Turner. Neither Turner nor Morgan provided any authority or offered any arguments regarding the relation between the issues Morgan raised in *Morgan v. Chandler* and in this case.

■ Further, Morgan argues that the circuit court erred in dismissing his complaint on the ground that it was moot. The circuit court's reason for finding Morgan's complaint moot is unclear, particularly since Turner never moved to dismiss Morgan's complaint on that ground. The circuit court's opinion letter seems to indicate that the circuit court based this finding on Turner's claim that Morgan could not seek fees from him because Morgan, a state prosecutor, was barred by Ark.Code Ann. § 16–21–118 (Repl.1999), and Rule 1.5 of the Arkansas Rules of Professional Conduct (2005).[3] Section 16–21–118 states, "The prosecuting attorneys in the Division A Judicial Districts shall not engage in the private practice of law during their terms in office." Rule 1.5(e) states, "A division of fee between lawyers who are not in the same firm may be made only if: (1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation; (2) the client is advised of and does not object to the partic-

ipation of all the lawyers involved; and (3) the total fee is reasonable." Beyond referencing these two provisions, Turner provides no authority for what effect they might have on Turner's obligations under the Agreement between Morgan and Turner, so a material question of fact remains. Therefore, the circuit court erred in finding these two provisions grounds for dismissal.

■ Finally, Morgan contends on appeal that the circuit court erred in finding that Morgan's failure to join necessary parties was grounds for dismissing his complaint. In his amended motion to dismiss, Todd Turner asserted that his brother, Dan Turner, was an indispensable party, pursuant to Ark. R. Civ. P. 19, because Dan Turner had been associated with Morgan and had separated from Morgan at the same time as Todd Turner, and Dan Turner was involved in some, if not all, of the cases for which Todd Turner received fees in which Morgan now claims an interest. Rule 19 of the Arkansas Rules of Civil Procedure states,

(a) Persons to Be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the

---

**3.** In his brief, Morgan presumes that the circuit court's finding of mootness is related to its finding that his claims were barred by res judicata, and he addresses his arguments accordingly.

court shall order that he be made a party. If he should join as a plaintiff, but refuses to do so, he may be made a defendant; or, in a proper case, an involuntary plaintiff.

(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Ark. R. Civ. P. 19 (2009). By the language of the rule, when a plaintiff fails to join an indispensable party, the court should order that the indispensable party be joined. Only when the court determines that joinder is not feasible should the court consider dismissing the action. The circuit court made no finding that Dan Turner or any other parties could not be joined in this action. Therefore, the circuit court erred in dismissing the complaint with prejudice on the grounds that Morgan failed to join indispensable parties.

Accordingly, we hold that the circuit court's order dismissing Morgan's complaint with prejudice was in error. We reverse the circuit court's order and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.