

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–13–492

| | | |
|---|---|---|
| MICHAEL ABEYTA | APPELLANT | **Opinion Delivered** December 11, 2013 |
| V. | | APPEAL FROM THE CLEVELAND COUNTY CIRCUIT COURT [NO. DR–2011-22-1] |
| AMY ABEYTA | APPELLEE | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| | | REVERSED AND REMANDED |

## BILL H. WALMSLEY, Judge

Appellant Michael Abeyta appeals the trial court's order granting custody of his daughter to appellee Amy Abeyta. He argues three points on appeal. We reverse and remand.

Amy filed a complaint for divorce in Cleveland County on March 22, 2011. There was one child born of the marriage, M.A. Amy claimed that she stood in loco parentis to E.A., Michael's daughter from a previous relationship. Amy acknowledged that Michael had custody of E.A. and that E.A.'s mother, Michelle Raybon, had supervised visitation rights; however, Amy alleged that neither Michael nor Michelle was fit to have custody. Amy requested custody of both children. She filed an amended complaint on March 31, 2011, to add Michelle Raybon as a defendant. Amy alleged that Michelle's visitation rights had been suspended by court order due to drug and alcohol abuse.

Michael filed an answer to the amended complaint. He stated that the custody of E.A.

had already been heard in the Dallas County Circuit Court and asserted that any requests to change custody should be filed in that case. Attached to his answer was an order of the Dallas County Circuit Court dated June 23, 2008, granting Michael's motion to change custody of E.A. from Michelle to him.

A hearing was held on April 11, 2011, in regard to temporary-custody issues. The trial court entered an order on May 18, 2011, finding that it was in the best interest of E.A. that temporary custody be awarded to Amy. A second hearing was held on June 22, 2011, wherein the parties announced a settlement providing that Amy would have custody of M.A. and Michael would have custody of E.A. The settlement was approved in court; however, no order was ever entered reflecting the settlement. On September 16, 2011, another temporary order was entered that included the same provisions as the May 18, 2011 order.

On July 30, 2012, Amy filed an amended complaint and petition for contempt against Michael.[1] She again asked for custody of both children and claimed that Michael had failed to pay child support. She stated that the parties had previously resumed their marital relationship but separated again on July 7, 2012. Michael alleged in his answer that Amy had been granted a divorce at the hearing on June 22, 2011, but his counsel had failed to prepare the decree. Michael denied that Amy had stood in loco parentis to E.A.

A final hearing was held on February 11, 2013, and the trial court entered a final decree on March 4, 2013. The court granted Amy a divorce and awarded her custody of both children after finding that she had been acting in loco parentis to E.A. Michael was

---

[1]Michelle was not a named defendant in this complaint.

SLIP OPINION

granted visitation and ordered to pay child support.  He now appeals.

Michael first argues that the trial court erred in failing to apply our preference for custody in the natural parent unless it is established that the natural parent is unfit.  We agree with Amy, however, that this argument is not preserved for appeal.  Michael never raised the natural-parent preference to the trial court; thus, this argument is waived.  *Chastain v. Chastain*, 2012 Ark. App. 73, 388 S.W.3d 495.

Michael next argues that the trial court erred in failing to require joinder of Michelle, an indispensable party, pursuant to Rule 19 of the Arkansas Rules of Civil Procedure.  He claims it was error to make any custody determination in her absence.  Amy again argues that this point is not preserved for appeal.  Rule 19 provides, in part, as follows:

> **(a) Persons to Be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff, but refuses to do so, he may be made a defendant; or, in a proper case, an involuntary plaintiff.

As stated above, Michael attached to his initial answer the Dallas County Circuit Court order awarding him custody and Michelle visitation.  At the June 22, 2011 hearing, Michael's attorney informed the court that E.A.'s biological mother had supervised visitation pursuant to the Dallas County Circuit Court order and that Michael would be in contempt of court if he did not allow this visitation.  The court stated that if an issue were to arise in the future, Michael could request that the cases be joined.  At the final hearing, it was again pointed out

3

that Michelle had visitation, and the court noted that she was not a party to the case.

We hold that Michelle was a necessary party to be joined under Rule 19(a). The right of a natural parent to the custody of his or her child is "one of the highest of natural rights." *Mayberry v. Flowers*, 347 Ark. 476, 485, 65 S.W.3d 418, 424 (2002) (requiring notice reasonably calculated to afford a natural parent the opportunity to be heard before his or her parental rights are terminated through adoption). In Michelle's absence, complete relief could not be accorded to the parties. Furthermore, the determination of custody and visitation in her absence impairs her ability to protect her interest in her natural child and leaves Michael subject to conflicting orders. By the language of Rule 19, when a plaintiff fails to join an indispensable party, the court should order that the indispensable party be joined. *See Morgan v. Turner*, 2010 Ark. 245, 368 S.W.3d 888. We thus reverse and remand the custody determination as to E.A. for Michelle to be joined and for the trial court to determine if a change in custody to Amy was warranted.

For his last point on appeal, Michael relies on the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in arguing that the Dallas County Circuit Court had exclusive, continuing jurisdiction over the custody of E.A., and the Cleveland County Circuit Court had no subject-matter jurisdiction to decide that matter. Despite his arguments, we decline to depart from our previous determination that the UCCJEA has no application to intrastate custody disputes. *Seamans v. Seamans*, 73 Ark. App. 27, 37 S.W.3d 693 (2001).

Reversed and remanded.
GLADWIN, C.J., and GRUBER, J., agree.
*Owings Law Firm*, by: *Tammy B. Gattis*, for appellant.
*Brockman, Norton & Taylor*, by: *C. Mac Norton*, for appellee.