Cite as 2020 Ark. App. 144

# ARKANSAS COURT OF APPEALS
DIVISION I

No. CV-19-468

|  |  |
|---|---|
|  | **Opinion Delivered:** February 26, 2020 |
| KEITH MACK D/B/A MACK'S RICE HULL SERVICE | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT |
| APPELLANT | [NO. 01SCV-17-81] |
| V. | HONORABLE DAVID G. HENRY, JUDGE |
| DAVID IVY D/B/A IVY FARMS | REVERSED AND REMANDED |
| APPELLEE | |

**MEREDITH B. SWITZER, Judge**

The Arkansas County Circuit Court granted summary judgment to David Ivy d/b/a Ivy Farms ("Ivy"). Keith Mack d/b/a Mack's Rice Hull Service ("Mack") appeals. The trial court concluded that there were no material questions of fact and that Mack owed Ivy $10,150 for hauling services. Mack contends the summary judgment should be reversed because (1) there were genuine issues of material fact concerning whether the account was correct; (2) it was improper for the trial court to weigh credibility at the summary-judgment stage; and (3) the trial court erred in considering hearsay documents attached to Ivy's affidavit in support of his summary-judgment motion. We agree that material issues of fact existed, and the trial court erred in granting summary judgment to Ivy. We therefore reverse and remand for trial.

David Ivy owns and operates a for-hire hauling service. He asserted that between September 19, 2016, and November 16, 2016, Keith Mack hired him to make approximately ten trips hauling rice hulls. According to Ivy, it was agreed that Mack would pay Ivy per mile for each trip. When the jobs were completed, Ivy requested payment for his work, presenting Mack with an itemized invoice. Mack refused to pay. In responding to Mack's interrogatories, Ivy identified three witnesses for trial: (1) himself, (2) Keith Mack, and (3) Russell D. Berry, attorney, as an expert witness.

Keith Mack operates a business in Stuttgart, Arkansas, that hauls rice to chicken farms. According to Mack, he has known David Ivy for over twenty years and has done business with him from time to time on a contract basis, as needed, until the summer of 2016 when Ivy stopped hauling loads for him and said he was going to haul for cotton gins. Mack averred he did not hear from Ivy again until February 2017. They discussed Mack's using Ivy's services again, but according to Mack, Ivy never followed up and did not carry any loads for Mack after that time. Mack saw Ivy hauling loads for another company. Mack also stated that during his discussions with Ivy in February 2017, Ivy made no claim that Mack owed him money. Mack examined the list of loads for which Ivy claims payment is due. The loads are all dated between September 2016 and November 2016. Mack contends that Ivy did not haul any loads for him during that time period, and he disputes owing him any money. He further denied that the bills of lading attached to the complaint were true and accurate, claiming that they were "made up" and falsified for the purpose of supporting the list of loads contained in Exhibit 1 to the complaint. Finally, Mack disputed and denied Ivy's affidavit of account and denied owing Ivy any money whatsoever.

2

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Morgan v. Turner*, 2010 Ark. 245, 368 S.W.3d 888. The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id*; *see also* Ark. Code Ann. § 16-45-104(a)(1) & (2) (Supp. 2019).

When we review summary judgment on appeal, we determine if it was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. *Morgan*, *supra*. This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id.*

Summary judgment should not be granted when reasonable minds could differ as to the conclusions that could be drawn from the facts presented. *Clark v. Progressive Ins. Co.*, 64 Ark. App. 313, 984 S.W.2d 54 (1998). After the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* An adverse party may not rest upon the mere allegations or denials of his or her pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Ark. R. Civ. P. 56; *Guthrie v. Kemp*, 303 Ark. 74, 793 S.W.2d 782

3

(1990).  The response may not consist of conclusions.  *Joey Brown Interest, Inc. v. Merchs. Nat'l Bank*, 284 Ark. 418, 683 S.W.2d 601 (1985).  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the party.  *Guthrie*, *supra.*

Explaining that our appellate courts consider federal court decisions interpreting Federal Rule of Civil Procedure 56 to be highly persuasive authority, our court quoted the following from a treatise on federal civil procedure:

> Clearly, if the credibility of the movant's witnesses is challenged by the opposing party and specific bases for possible impeachment are shown, summary judgment should be denied and the case allowed to proceed to trial, inasmuch as this situation presents the type of dispute over a genuine issue of material fact that should be left to the trier of fact.  Thus, for example, if conflicting testimony appears in affidavits and depositions that are filed, summary judgment may be inappropriate as the issues involved will depend on the credibility of the witnesses.

*Clark*, 64 Ark. App. at 321, 984 S.W.2d at 59 (quoting 10A Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2726 at 440−47 (1998)).

Here, Mack responded to Ivy's motion for summary judgment with an affidavit that not only denied he owed Ivy any money but also described the periods of time Ivy had worked for him, designated the time period Ivy did not work for him, described their discussion about Ivy's resuming work for him, and explained there was no follow up and no mention of Mack owing Ivy money.  Moreover, Mack alleged that the supporting documents provided by Ivy were falsified.  It is unclear what more Mack could have included in his affidavit or attached to it to refute Ivy's affidavit and attached documents.  This case essentially involves a swearing match between the two parties.  Mack sufficiently met his burden of demonstrating that genuine issues of fact exist.  In granting summary judgment at this point, the trial court necessarily determined that Ivy's account of the facts

4

was more credible. Such a credibility determination is inappropriate at the summary-judgment stage. *See, e.g.*, *Chick v. Rebsamen Ins.*, 8 Ark. App. 157, 649 S.W.2d 196 (1983) (involving an open account). We therefore hold that the trial court erred in granting summary judgment for Ivy.

Because we reverse and remand this case for trial, we do not address Mack's third point in which he contends the trial court erred in considering the documents attached to Ivy's affidavit because they constitute hearsay and are not properly authenticated.

Reversed and remanded.

HARRISON and VAUGHT, JJ., agree.

*Robert S. Tschiemer*, for appellant.

*Hyden, Miron & Foster, PLLC*, by: *James W. Hyden* and *Sam Patterson*, for appellee.