Cite as 2021 Ark. 60

# SUPREME COURT OF ARKANSAS

No. CV-20-480

| | |
|---|---|
| | **Opinion Delivered:** March 18, 2021 |
| ANTHONY BROWN | |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT [NO. 16JCV-20-352] |
| V. | |
| HANNAH TOWELL, IN HER OFFICIAL CAPACITY AS THE CRAIGHEAD COUNTY TAX ASSESSOR; AND WES EDDINGTON, IN HIS OFFICIAL CAPACITY AS THE CRAIGHEAD COUNTY TAX COLLECTOR | HONORABLE MELISSA BRISTOW RICHARDSON, JUDGE |
| APPELLEES | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

This appeal stems from the assessment and ad valorem taxation of personal property, a 2005 Ford F150 truck, owned by appellant, Anthony Brown. Appellees are Hannah Towell, in her official capacity as the Craighead County Tax Assessor, and Wes Eddington, in his official capacity as the Craighead County Tax Collector. On November 14, 2019, Eddington issued a notice of intent to offset Brown's Arkansas state income tax refund due to multiple failed attempts to collect delinquent personal property taxes for 2011 in the amount of $138.83.

Relevant to this appeal is the history of Brown's personal property. Brown purchased the truck in 2007. Brown resided in Craighead County until December 2010 when he

moved to Pulaski County. On November 14, 2019, Eddington issued notice of intent to offset Brown's state income tax refund due to delinquent personal property taxes on the truck in the amount of $138.83. The record demonstrates that Towell and Eddington contend that the notice was mailed to Brown's current address in Pulaski County and the delinquent tax notice was published in the Jonesboro Sun as required by law. Brown asserts that he "notified Craighead County that he was moving to Pulaski County." However, Brown further contends that he did not receive the notice and only received the notice through a January 2020 Freedom of Information Act request he submitted to Towell. Towell responded to Brown's email with a copy of the notice. Upon receiving the notice of delinquency and offset, on November 22, 2019, Brown sent a letter to Eddington stating, "I am requesting a hearing related to an alleged personal property tax in the amount of $138.83. . . . I am entitled to a hearing with the agency if requested within thirty (30) days." On January 28, 2020, Brown sent an email to Towell and Eddington titled "Formal Complaint" stating that in response to his request for a hearing, Brown had received a phone call from "Rachel" at Eddington's office "who informed me it is in fact not a hearing, but simply members of the office who listen to my complaint. . . . Mr. Eddington next informed me that I could talk with the County Judge Marvin Day in order to work out a resolution through the Quorum Court. . . . I received correspondence from [Judge Day and he] informed me that my only option was to file suit in Circuit Court."

On February 26, 2020, Brown's attorney contacted Towell through a letter directed to Towell's attorney and contended that Towell had not demonstrated a valid assessment;

2

Brown had not been afforded notice and due process regarding the non-assessment or delinquent taxes; and Brown requested a hearing. On March 9, 2020, Towell responded, stating that despite Brown's representation that he assessed the truck in Pulaski County for the year at issue, Pulaski County records did not support Brown's claim that the truck had been assessed in Pulaski County. Towell further responded that Craighead County "each year reported the tax owing and delinquent as required" by law.

On March 19, 2020, Brown filed suit in the Craighead County Circuit Court seeking declaratory and injunctive relief pursuant to Ark. Code Ann. § 16-111-103 (Repl. 2016) and requesting a declaration that the Craighead County Assessor has no power to assess property that is located outside Craighead County; the Craighead County Assessor has no power to assess the personal property of citizens who live or reside outside of Craighead County; the Craighead County Tax Collector has no power to collect taxes on the personal property of citizens who live or reside outside of Craighead County; the Craighead County Assessor had no legal or constitutional power to assess his Ford truck in 2012 because Mr. Brown no longer resided in Craighead County; the County Assessor of Craighead County cannot assess personal property of a taxpayer that the taxpayer no longer owns; the assessment of the Ford truck which Mr. Brown no longer owned made by Towell in 2012 is a legal constitutional nullity; the Craighead County Tax Collector has no legal or constitutional power to take any legal action against him, either civil or criminal, or to garnish his state income tax refund based on the illegal 2012 property tax assessment of his Ford truck conducted by the Craighead County Assessor; the Craighead County Collector violated Plaintiff's right to

3

procedural due process regarding the alleged tax liability; for a preliminary and permanent injunction enjoining Towell and Eddington from taking any legal or administrative actions that attempt to collect money, garnish his tax returns, or subject him to civil or criminal liability based on personal property taxes they claim are owed on Brown's Ford pickup truck which he no longer owns.

On April 21, 2020, pursuant to Arkansas Rules of Civil Procedure Rule 12(b)(1)–(3) and (6)–(7), Towell and Eddington filed a motion to dismiss asserting that the matter should be dismissed because (1) Brown failed to exhaust his administrative remedies; (2) the circuit court lacked jurisdiction, asserting there was no remedy available for Brown; (3) Brown had failed to include necessary parties, the Pulaski County Assessor's Office and the Arkansas Department of Finance and Administration; and (4) the circuit court should dismiss Brown's cause of action for an injunction, alleging Brown's complaint failed to plead the necessary elements for the circuit court to enter an injunction. Brown responded and opposed the motion to dismiss. Towell and Eddington replied. Brown requested that the circuit court rule based on the record. On July 21, 2020, the circuit court entered an order granting the motion to dismiss. The order stated in pertinent part:

> This cause comes before the Court on the Defendant's Motion to Dismiss. After reviewing of briefs of the parties, the court finds as follows:

> The law is clear that a Plaintiff must exhaust his administrative remedies before seeking relief in Circuit Court. Here, Plaintiff contends the administrative remedy available is a "sham" based upon an alleged statement made by an employee at the Collector's Office, but any perceived perfunctory failings in the process cannot be addressed by avoiding the administrative procedure altogether. The Court finds that the Plaintiff failed to exhaust his

4

administrative remedies.

Further, even if the administrative remedies have been properly exhausted, the court agrees that the Department of Finance and Administration is an indispensable party to this action. Additionally, the Court finds there has been a failure to state a claim for injunctive relief and dismissal is warranted pursuant to Ark. Rules of Civil Procedure 12 (b)(6).

THEREFORE, The Court grants the County's Motion to Dismiss.

From that order, Brown timely appealed and presents ten points: (1) The circuit court failed to follow the standard of review used for evaluating the merits of a motion to dismiss; (2) The Defendants cannot raise factual disputes about whether Brown paid taxes in Pulaski County in a motion to dismiss for failure to state a claim; (3) The Department of Finance and Administration is not an indispensable party; (4) Contrary to the circuit court's unsubstantiated conclusions, Brown exhausted all the county's ad hoc administrative remedies that were given to him; (5) Hypothetical remedies defendants claim Brown should have exhausted cannot substitute for administrative remedies that were actually offered to him; (6) Brown did not have to exhaust futile administrative remedies; (7) Presenting a claim to the Craighead County Board of Equalization would have been an exercise in futility; (8) Exhaustion of remedies is not a prerequisite to a legal action against an administrative agency which acts beyond its delegated powers; (9) The assessment and taxation of Brown's Ford truck by Craighead County was illegal as a matter of law; and (10) The Craighead County Assessor and Tax Collector had no power to assess or collect taxes on Brown's personal property after he moved to Pulaski County. For the reasons that follow, we affirm the circuit court.

## I. *Standard of Review*

"When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Id.* at 441, 206 S.W.3d at 840. Furthermore, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 6, 436 S.W.3d 445, 449 (citing Ark. R. Civ. P. 8(a) (2013))." *Kennedy v. Ark. Parole Bd.*, 2017 Ark. 234, at 3–4. Further, "we treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. *Ark. State Plant Bd. v. McCarty*, 2019 Ark. 214, 576 S.W.3d 473. The standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377." *Henson v. Cradduck*, 2020 Ark. 24, at 4, 593 S.W.3d 10, 14. Finally, "we consider questions of law de novo. *See Tucker v. Sullivant*, 2010 Ark. 170, 370 S.W.3d 812." *Ahmad v. Beck*, 2016 Ark. 30, at 5, 480 S.W.3d 166, 169.

## II. *Points on Appeal*

We first consider Brown's fourth, fifth, sixth, seventh and eighth arguments on appeal that the circuit court erred in granting the motion to dismiss based on his failure to exhaust his administrative remedies. Brown asserts that he exhausted his administrative remedies because he requested a hearing with Eddington. Brown further contends that

subsequent to his request, Brown sent an email to Towell reporting that Brown had requested a hearing but had been told by a staffer that a hearing would not really take place, but members would listen to his complaint over the telephone. Brown also contends that he exhausted his remedies when he spoke with the county judge, Marvin Day, and Judge Day informed Brown his only option was to file suit in circuit court. Brown asserts that

> [b]y the Craighead County's own admission, whatever administrative hearing that was offered was a sham. As alleged in the Complaint, the Tax Collector's administrative remedy was a sham. Mr. Brown was told the procedure really wasn't a hearing. Instead, members of the staff simply listened to his complaint over the telephone. (Complaint, ⁋ 27.)

> Mr. Brown followed this process. No formal administrative decision was ever issued. After his telephone call with staff, he was told he could attempt to work out a resolution with the County Judge. None was forthcoming. The County Judge told him his only option was to file suit in Circuit Court.

Brown further contends he was never told that he had to seek relief from the county board of equalization, and the only administrative hearing he was offered was with the Craighead County Tax Collector. Brown asserts that he is not challenging the amount of the assessment but rather the power of Towell and Eddington to assess and collect taxes when Brown did not reside in Craighead County. Finally, Brown argues that Towell and Eddington should be estopped from claiming that Brown did not exhaust his administrative remedies, claiming that he had been given conflicting information by personnel.

Towell and Eddington respond that Brown cites no statute or authority for his argument that the assessment and collection of taxes at issue was not valid. Towell and Eddington further respond that the Craighead County Collector's office mailed tax

7

statements to the address it had been provided, and they rely on Ark. Code Ann. § 26-35-705 (Supp. 2019), which requires that the individual taxpayer report to the Assessor all of his or her property between the first Monday in January and May 31st each year. Further, Towell and Eddington respond that Ark. Code Ann. § 26-35-705 also requires that the taxpayer furnish the correct mailing address for tax statements. Towell and Eddington also respond that Brown's estoppel argument is not preserved for review as Brown did not present this issue to the circuit court. In sum, Towell and Eddington assert that Brown cites no authority for his arguments; the exhaustion-of-administrative-remedies doctrine applies; Brown failed to avail himself of the proper procedures; and Brown was not entitled to bring a separate declaratory action.

Turning to the case before us, we first note that the doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Hotels.com, LP v. Pine Bluff Advert. & Promotion Comm'n*, 2013 Ark. 392, 430 S.W.3d 56; *see also McGhee v. Ark. State Bd. of Collection Agencies*, 368 Ark. 60, 243 S.W.3d 278 (2006) (stating that a basic rule of administrative procedure requires that an agency be given the opportunity to address a question before a complainant resorts to the courts). "Declaratory-judgment actions are intended to supplement, rather than replace, ordinary actions. *Rehab Hosp. Servs. Corp. v. Delta-Hills Health Sys. Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985). Accordingly, litigants must exhaust their administrative remedies before seeking a declaratory judgment. *Hankins v. McElroy*, 313 Ark. 394, 855 S.W.2d 310 (1993) . . . Still, there are exceptions to

the exhaustion-of-administrative-remedies doctrine. *Hotels.com, LP*, 2013 Ark. 392, 430 S.W.3d 56. For example, exhaustion of remedies is not required when no genuine opportunity for adequate relief exists or when irreparable injury will result if the complaining party is compelled to pursue administrative remedies. *Id.* Exhaustion of remedies is also not required when an administrative appeal would be futile. *Id.*" *Ahmad v. Beck*, 2016 Ark. 30, at 6–7, 480 S.W.3d 166, 170.

Next, we review the statute at issue, Ark. Code. Ann. § 26–27–317 which provides in pertinent part:

> (a)(1) A property owner or an agent of a property owner may apply in person, by petition, or by letter to the secretary of the county equalization board on or before the third Monday in August of each year for the adjustment of the county assessor's assessment on the property owner's property or the property of another person.
>
> . . . .
>
> (b)(1) A property owner or an agent of the property owner may personally appear before the county equalization board or pursue the appeal by supplying written documentation as to the adjustment desired.
>
> (2) The property owner or an agent of the property owner shall notify the secretary of the county equalization board, who shall schedule a hearing, and, if practicable, the hearing shall be held at the convenience of the property owner.
>
> (c)(1) The county equalization board shall begin hearing appeals no later than the second Monday in August.
>
> . . . .
>
> (e)(1) The county equalization board shall decide the merits of an adjustment of assessment application and notify the property owner of its decision in writing at least ten (10) business days after the hearing.

Also at issue is Ark. Code Ann. § 26-27-318, which provides the process to appeal to courts:

(a)(1)(A) The county assessor or a property owner who is aggrieved at the action of a county equalization board may appeal from the action of the county equalization board to the county court by filing a petition of appeal with the county clerk, who shall assign a case number to the appeal.

(B) The county clerk shall not charge a fee for filing an appeal under subdivision (a)(1)(A) of this section.

(2) The county clerk shall summon the members of the county equalization board and issue such process as the county assessor, the county equalization board, or the county judge may request for witnesses and evidence of the amount and value of the property.

(b) No appeal to the county court shall be taken unless the petitioner:

(1) Has exhausted his or her remedy before the county equalization board[.]
. . . .

(c)(1) An appeal must be filed on or before the second Monday in October of each year and shall have preference over all matters before the county court and shall be heard and an order made on or before the fifteenth day of November.

(2)(A) The county court shall notify in writing the property owner or county assessor of its decision no later than twenty (20) working days after the property owner's appeal hearing.

(B) The notification shall state the county court's decision and that the property owner may appeal the decision to the circuit court.

(d)(1) On an appeal from the action of the county equalization board or a subsequent court order affecting the valuation of the property, the petitioner or plaintiff shall have the burden of proving by a preponderance of the evidence the true and correct value of the property for ad valorem tax purposes as prescribed by law.

In sum, these statutes prescribe the administrative grievance process for a taxpayer. In *DeSoto Gathering Co. LLC v. Hill*, 2017 Ark. 326, at 3–4, 531 S.W.3d 396, 399, we addressed the statutes at issue, Ark. Code Ann. §§ 26-27-317 to -318, and explained the process for an aggrieved property owner to contest the ad valorem property tax. "'The proper appeal process for allegations of improper ad valorem tax assessments is set forth in Ark. Code Ann. §§ 26-27-317 to -318 (Repl. 1997 & Supp. 2011). An aggrieved property owner's first step is to contest the ad valorem property tax assessment to the county equalization board. *See* Ark. Code Ann. § 26-27-317. The board's decision, once rendered, can be appealed to the county court. *See* Ark. Code Ann. § 26-27-318. *See, e.g., Crittenden Hosp. Ass'n v. Bd. of Equalization of Crittenden County*, 330 Ark. 767, 958 S.W.2d 512 (1997).' *May v. Akers-Lang*, 2012 Ark. 7, at 12, 386 S.W.3d 378, 384. From county court, a property owner may pursue relief in circuit court." *Id.*

The case before us also stems from ad valorem tax assessments. As described above, our statutes afford a remedy for aggrieved property owners. However, that process was not followed here. Brown did not apply for an adjustment to the county equalization board on or before the third Monday in August of the year for the adjustment of the county assessor's assessment on Brown's property. *See* Ark. Code Ann. § 26-27-317. Further, because Brown did not contest the assessment, he did not receive a decision from the board of equalization and did not appeal to the county court. Therefore, he did not exhaust his remedies. *See* Ark. Code Ann. § 26-27-318. In other words, Brown did not pursue relief with the board of

11

equalization as required in Ark. Code Ann. § 26-27-317 and therefore did not exhaust his administrative remedies. Also, we reject Brown's argument that the administrative remedies available to him were futile. Brown has made conclusory allegations that the administrative remedies available were a "sham" but provides no support for this position. Simply put, Brown did not contest the assessment and taxation to the county board of equalization. Instead, Brown filed suit in circuit court. Finally, with regard to Brown's estoppel argument, Brown raises this argument for the first time in his appeal. We will not address arguments raised for the first time on appeal. *Unknown Heirs of Warbington v. First Cmty. Bank*, 2011 Ark. 280, 7, 383 S.W.3d 384, 388. Because the record demonstrates that Brown failed to exhaust his administrative remedies, we affirm the circuit court and do not reach Brown's remaining points on appeal.

Affirmed.

WEBB, J., dissents.

**BARBARA W. WEBB, Justice, dissenting.**

*"This is too difficult for a mathematician. It takes a philosopher." ~ Albert Einstein, on taxes.*

The majority's holding reasons that the county equalization board can determine the taxable nature of property. This misconstrues the role of an equalization board under Arkansas law, fails to account for the process for delinquent taxpayers in Ark. Code Ann. §§

26-36-204(b) and 208, and judicially empowers a county equalization board to determine what property is taxable when that power is not conferred or created by statute.

All the cases cited in support of its holding by the majority dealt with a challenge to the taxable amount assessed on property and not the power to tax property. *DeSoto Gathering Co. LLC v. Hill*, 2017 Ark. 326, at 3–4, 531 S.W.3d at 399 (challenge to taxable amount assessed on natural gas equipment); *May v. Akers-Lang*, 2012 Ark. 7, at 12, 386 S.W.3d at 384 (challenge to taxable amount assessed on oil, gas, or minerals extracted from real property); *Crittenden Hosp. Ass'n v. Bd. of Equalization of Crittenden County*, 330 Ark. 767, 958 S.W.2d 512 (1997) (challenge to taxable amount assessed on real property claimed to be tax exempt). None of these cases have empowered a county equalization board to determine the county's power to assess taxes, which is the basis of Brown's lawsuit.

The purpose of the county equalization board is "equalize," or raise or lower, the value of the property assessed to "achieve the proper value" of the property under Arkansas tax law. Ark. Code Ann. § 26-27-315. The statute is silent as to the board's ability to determine if property is taxable. The equalization board appellate procedure applies to situations where the taxpayer disagrees with the assessed value of his or someone else's property for tax purposes. The position that Brown should have applied to the board of equalization to determine whether the property should have been taxed in Craighead county or reduced to a value of zero misses the mark because the board of equalization's authority is to equalize property values to achieve the property's "proper value" according to a statutory scheme. *Id.* (citing Ark. Code Ann § 26-26-407 and 26-26-1202). As such, Brown's argument

13

that the application to the equalization board would be futile has merit because the equalization board is powerless to grant his relief.

If Brown was a delinquent taxpayer and resided in Pulaski county, as his complaint alleged and of which the appellees were aware, then any delinquent Craighead county taxes should have been collected in the county of his residence. Ark. Code Ann. § 26-36-208. The county court had the authority to strike Brown's name from the list of delinquent taxpayers. Ark. Code Ann. § 26-36-204(b). Brown's complaint further alleges that he sought to challenge his delinquent tax status through the county court. The county judge, who presides over that court, told him he had no recourse in his court. There is no administrative remedy in the statute to challenge the county court judge's decision to not grant relief or hold a hearing on delinquent taxes. However, there was the option that Brown elected to use—a declaratory judgment. This is the type of case that is ripe for a declaratory judgment as futility abounds in the context of governmental administrative relief in this case.

A declaratory judgment is "a remedy peculiarly appropriate to controversies between private citizens and public officials about the meaning of statutes." *Jones v. Clark*, 278 Ark. 119, 122, 644 S.W.2d 257, 259 (1983) (quoting *Culp v. Scurlock*, 225 Ark. 749, 284 S.W.2d 851 (1955)). To attack a statute a person merely has to show that the statute resulted in a prejudicial impact on him. *Lawson v. City of Mammoth Spring By & Through Smith*, 287 Ark. 12, 15, 696 S.W.2d 712, 714 (1985). There is a controversy in this case between Brown and the elected officials of Craighead county. That controversy, as Brown pled it, is about a tax assessment and collection, which arises by virtue of a statute. Brown alleges that this

14

controversy has had a prejudicial impact on him in the amount of $138.83. Testing the facts of Brown's complaint to the cause of action contained in the declaratory judgment statute, there are multiple facts which support his allegations about the controversy, the impact, and that he tried to resolve the tax issue and was denied that ability—which goes to his due process claim. He alleges that the circuit court should declare his rights under the tax statute and enjoin the county from infringing upon his rights.

Treating these facts as true, resolving all inferences in favor of Brown, and construing his facts and cause of action liberally—as this Court is obligated to do—lends to one conclusion. Brown pled enough facts in his complaint to show a controversy over a statute or right between him and Craighead county and the ability of the circuit court to resolve that controversy. The circuit court abused its discretion by dismissing the suit for failure to state facts upon which relief can be granted.

The circuit court abused its discretion again when it found, without elaboration, that the Arkansas Department of Finance and Administration (DFA) was a necessary party and dismissed the case for failure to join DFA. The appellees only made a conclusory statement that DFA was necessary because it would undoubtedly claim an interest in the tax and a ruling by the circuit court would impede DFA's ability to protect that interest. This is an unsupported argument which reaches an attenuated conclusion.

DFA receives the tax money from personal property from the elected county collector. Ark. Code Ann. §§ 26-17-503; 26-28-305. DFA receives this money regardless as to whether it is assessed and collected in Craighead or Pulaski counties. Additionally, the tax money at

15

issue, the $138.83, was held in the registry of the court in Craighead county. DFA's interest was only to receive the tax if the property was, in fact, taxable and the tax remitted by Craighead county.

Assuming, *arguendo*, that DFA was a necessary party, the circuit court still abused its discretion in dismissing the lawsuit. Our law has been clear on this issue. By the language of the rule, when a plaintiff fails to join an indispensable party, the trial court should order that the indispensable party be joined. *Morgan v. Turner*, 2010 Ark. 245, 14, 368 S.W.3d 888, 897 (2010). Only when the court determines that joinder is not feasible should the court consider dismissing the action. *Id.* The circuit court made no finding that DFA or any other parties could not be joined in this action and dismissal or failure to join DFA was an abuse of discretion. *See id.*

For these reasons, I dissent.

*Ritter Law*, by: *George P. Ritter*, for appellant.

*Branch, Thompson, Warmath & Dale, P.A.*, by: *Adam H. Butler*, for appellees.