Cite as 2024 Ark. App. 328

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-18

|  |  |
|---|---|
| JOY CORP AND NAZIR U. SARDAR, INDIVIDUALLY<br><br>APPELLANTS<br><br>V.<br><br>JOHN ROBERTS D/B/A ROBERTS ROOFING<br><br>APPELLEE | Opinion Delivered May 22, 2024<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58CV-19-103]<br><br>HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE<br><br>REVERSED AND REMANDED |

**N. MARK KLAPPENBACH, Judge**

The Pope County Circuit Court granted summary judgment to appellee John Roberts d/b/a Roberts Roofing on his breach-of-contract claim and dismissed with prejudice the breach-of-contract counterclaim brought by appellants Joy Corp and Nazir Sardar (collectively Sardar). Sardar now appeals, and we reverse and remand.

This case was initially tried in the District Court of Pope County, which entered judgment in favor of Roberts. Sardar appealed to the Pope County Circuit Court. In an amended complaint, Roberts alleged that he had entered into a contract with Sardar to install a new roof on the Relax Inn for $25,000 plus additional costs for any wood or decking that needed

to be replaced.[1] The contract called for a $12,000 down payment and for $13,000 to be paid "when complete." As of June 7, 2018, Sardar had paid $15,000 toward the $25,000 total.

Roberts alleged that Sardar took approximately $2000 worth of material to his home without Roberts's consent and requested that Roberts change the contract to include roofing work at his home for no additional charge. Roberts claimed that Sardar handwrote on the contract "include 12 sq House 137 Ridge Rock Drive" and demanded that Roberts sign the amendment. Roberts alleged that he refused to sign the amendment without additional payment and that he then demanded further payment on the Relax Inn job pursuant to the contract. He claimed that Sardar refused to make any further payments and had the police remove him from the Relax Inn property. Roberts alleged that the job was 85 percent complete when he was removed from the property, and as such, he was owed $8500 out of the $10,000 remaining contract price.

Sardar alleged in his answer that Roberts had added the handwritten note to the contract to make it accurately reflect their agreement. According to Sardar, when they met on June 7, Roberts said that he was in financial trouble and demanded payment in full or he would walk off the job and take the materials with him. When Sardar refused to pay, Roberts started removing materials that Sardar had already paid for. Sardar said that he called the police to stop Roberts from taking the materials, but the police did not remove Roberts or prevent him from removing the materials. Sardar filed a counterclaim alleging that Roberts had breached the contract by demanding payment of $10,000 before he would finish the job and by walking off

---

[1]Sardar asserted that he was the president of Joy Corp, which operates a motel known as the Relax Inn.

the job. Sardar alleged that the cost to finish the job at the Relax Inn and the repairs at his home totaled $12,234.65. After deducting the $10,000 he did not pay Roberts, he alleged that Roberts owed him $2234.65.

Roberts filed a motion for summary judgment supported, in part, by the contract and his affidavit. In the affidavit, Roberts attests that all the allegations in the complaint are true and correct within his knowledge.[2] Roberts claimed that he did what was required of him under the contract and that Sardar refused to pay him additional consideration for the work on his home. In his brief in support of his motion, Roberts relies heavily on his recollection of the testimony in district court.[3]

In response, Sardar argued that there were genuine issues of material fact regarding the scope of the work the parties agreed to and the events that led Roberts to leave the jobsite. Sardar filed his own affidavit in support. He attested that the roof repairs at his home were included in the agreement from the beginning, and Roberts had already measured the roof and ordered twelve squares of shingles for the repairs. Sardar stated that, contrary to the contract, Roberts demanded payment of the balance owed before the job was completed at either the motel or the home, and when Sardar declined to pay, Roberts left with the materials. Sardar

---

[2]We note, however, that in the next sentence of the affidavit, Roberts contradicts the complaint by stating that it was he, not Sardar, who handwrote the note on the contract about including repairs at Sardar's home.

[3]Pursuant to Rule 56(c)(1), a motion for summary judgment may be supported by "pleadings, depositions, answers to interrogatories and admissions on file, and affidavits." All evidence submitted in the course of summary-judgment proceedings must be under oath. *Davis v. Schneider Nat'l, Inc.*, 2013 Ark. App. 737, 431 S.W.3d 321. Accordingly, this recounting of the testimony was not proper evidence to consider.

detailed how he offered to pay part of the money and tried to stop Roberts from taking the materials.

The circuit court granted the motion for summary judgment. The court found that the handwritten note on the contract did not require Roberts to perform work at Sardar's home because there was no evidence of additional consideration or a description of the work. The court further found that Roberts had performed the work that was required of him under the contract until he was removed by law enforcement. The court found that Sardar had breached the contract by not paying for the work performed under the contract and that Sardar failed to meet proof with proof. The court dismissed the counterclaim with prejudice and ordered that the amount of damages would be decided at a subsequent hearing. Roberts was subsequently awarded $3750 in damages and $11,380 in attorney fees.

Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Mack v. Ivy*, 2020 Ark. App. 144. The burden of sustaining a motion for summary judgment is the responsibility of the moving party. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* Summary judgment should not be granted when reasonable minds could differ as to the conclusions that could be drawn from the facts presented. *Id.*

When we review summary judgment on appeal, we determine if it was appropriate by deciding whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. *Id.* This court views the evidence in the light most

4

favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review is not limited to the pleadings; we also focus on the affidavits and other documents filed by the parties. *Id.*

Sardar argues that summary judgment was improper because there were genuine issues of material fact left to be resolved by the trier of fact. He cites the factual dispute regarding whether the roof repairs at his home were included in the contract price and the dispute regarding which party breached the contract. We agree that summary judgment was improperly granted.

Sardar submitted proof in the form of his affidavit in response to the motion for summary judgment in which he detailed the agreement that was made and the events that led Roberts to leave the jobsite. Sardar's version of events rebuts Roberts's claims that Sardar was the breaching party and owed him money at the time of the dispute. As in *Mack*, *supra*, this case essentially involves a swearing match between the two parties in which the circuit court had to improperly determine that Roberts's account of the facts was more credible in order to grant summary judgment. Summary judgment should not be granted if it is necessary to weigh the credibility of statements to resolve an issue. *Gibraltar Lubricating Servs., Inc. v. Pinnacle Res., Inc.*, 2016 Ark. App. 156, 486 S.W.3d 224. Sardar met proof with proof and demonstrated the existence of material issues of fact; accordingly, we reverse and remand the circuit court's order granting summary judgment and dismissing Sardar's counterclaim.

Reversed and remanded.

HARRISON, C.J., and MURPHY, J., agree.

*Laws Law Firm, P.A.*, by: *Hugh R. Laws*, for appellant.

5

One brief only.